**JUDGE LYNCH**

**'09 CIV 7595**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RACHEL LU,

Plaintiff,

<b><u>COMPLAINT</u></b>

- against -

<b>Plaintiff Demands Trial By Jury</b>

MERRILL LYNCH & CO., INC. and
BANK OF AMERICA CORPORATION,

Defendants.
------------------------------------------------------------X

   Plaintiff Rachel Lu, her attorneys Goetz Fitzpatrick LLP, for her Complaint against Merrill Lynch Co., Inc. and Bank of America Corporation, alleges as follows:

   1.  This is an action for declaratory relief, back pay, front pay, compensatory and punitive damages, attorneys fees, costs and other relief to redress employment discrimination based on gender.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1), to enforce the provisions of 42 U.S.C. § 2000e-2(b) (collectively, the "Civil Rights Act"), 29 USC §§206-207 (the "Equal Pay Act of 1963"), the New York Executive Law Article 15, § 296 (the "New York State Human Rights Law") and the New York City Human Rights Law.

<b><u>The Parties</u></b>

   2.  Plaintiff Rachel Lu ("Lu") is an individual who resides at 435 Albany Court, West New York, New Jersey.

   3.  Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch") is a financial holding company, incorporated in Delaware and headquartered in New York.

1

4. Defendant Bank of America Corporation ("Bank of America") is a financial services company incorporated in Delaware and headquartered in North Carolina that provides a wide variety of banking and investment services. Collectively, Bank of America and its affiliates are herein referred to as "Bank of America".

5. On September 15, 2008, Bank of America and Merrill Lynch announced that Bank of America would acquire Merrill Lynch for approximately $50 billion in an all-stock transaction. The acquisition closed on January 1, 2009.

6. Bank of America has succeeded Merrill Lynch as plaintiff's employer and has assumed liability for Merrill Lynch's unlawful conduct, as well as its own actions.

**Procedural History**

7. Lu filed a charge of discrimination based on gender (the "Charge") with the Equal Employment Opportunity Commission (the "EEOC") on September 26, 2008, which was within 300 days of the last incident of discrimination based on gender.

8. Lu subsequently filed an Amended Charge of discrimination based on gender (the "Amended Charge") on or about May 13, 2009.

9. On or about June 17, 2009 Lu received a "Notice of Right to Sue" letter from the New York District Office of the EEOC. This Complaint has been filed within 90 days of the receipt of that letter. A copy of the Notice of Right to Sue is attached hereto as Exhibit A.

**Jurisdiction and Venue**

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1331.

2

11.     Venue is proper in the Southern District of New York pursuant to 28 USC § 1391(b).  Plaintiff was employed by Merrill Lynch in its branch office in this District, where much of the unlawful conduct occurred.  Defendants are licensed to and do business in this District.

### Factual Background

12.     Lu started working for Merrill Lynch in 1998.  She left to get an MBA and returned in 2004 as a Vice President in the Risk Management Department.

13.     In 2005, Lu's manager left the Risk Management Department.  That departure afforded Lu the opportunity to assume even more responsibility and, as a result of her strong abilities, she was promised a promotion to the position of Director.

14.     In or about October 2005, Joe Magnus ("Magnus"), the Director of the Portfolio Surveillance Group within the Global Structured Finance Investment Department (the "GSFI Dept."), actively recruited Lu to join his group as a Vice President.

15.     Lu was reluctant to do so because she had already been promised a promotion to the position of Director in the Risk Management Department because of the resignation of her manager.

16.     Magnus assured Lu that she was taking over the most senior role beneath him and that she would be the next in line for promotion to Director in the GSFI Dept.

17.     In reliance upon Magnus' representations that she would not be forfeiting her promotion, Lu accepted the transfer to the GSFI Dept.  Immediately upon her arrival in the GSFI Dept., Lu was given the responsibility of monitoring and supervising the subprime mortgages – the most challenging sector in the group.

3

18.    It was clear that Lu was the only individual that Magnus could rely upon to handle the position, as he described her as the "brainiest."  As evidence of the Lu's ability, Magnus gave Lu an excellent mid-2006 performance review.

19.    Lu routinely challenged the sufficiency of the collateral the Merrill Lynch bankers were willing to accept on subprime loans.  That behavior made her unpopular with the bankers.

20.    Magnus reprimanded Lu on multiple occasions for being too strict about the collateral.

21.    In the second half of 2006, Lu disclosed to Magnus that she was pregnant. Lu's pregnancy meant that Magnus would have to rely on Mia Goldman, a less-qualified individual, to manage the subprime mortgage crisis in Lu's absence.  From that point forward, the attitude of Magnus towards Lu changed for the worse and their working relationship rapidly deteriorated.

22.    Lu took maternity leave from November, 2006 to February, 2007.  Magnus required Lu to work from home throughout her leave.  Magnus manifested his intention of requiring Lu to work during her maternity leave by mailing a new laptop to Lu's home.  Only two weeks after Lu gave birth, she was expected to be on call and near a computer so that she could constantly check and respond to e-mails.

23.    Despite all of the work she performed during her maternity leave, Magnus retaliated against Lu by giving Lu a poor performance review.  In that review, Magnus dramatically understated the amount and depth of the work Lu performed during her maternity leave.

24.    Part of the reason Lu had to work so hard while she was on maternity leave was that Magnus had hired an inexperienced and unqualified associate, Mia Goldman, to replace Lu during the time she was supposed to be at home taking care of her baby. Magnus had told Lu that Goldman was hired because she was pretty and could build a good relationship with the bankers. Additionally, Magnus often compared Lu's appearance with that of Goldman and told Lu on more than one occasion that she should dress and act more like Goldman.

25.    Lu confronted Magnus about this less-than-stellar performance review, but Magnus never amended the review.

26.    Upon her return to the office, Lu was the hardest working person in the Portfolio Surveillance Group due to the explosion of the subprime mortgage crisis. While the others went home at regular hours, Lu frequently had to work late at night alone or with another associate who was trained and led by her on Subprime Mortgage. As a result of the long hours, she could no longer keep up with the demands of breastfeeding her baby.

27.    Aside from being responsible for managing the subprime mortgage crisis, Lu was the only person in the group who managed and trained the junior members of the group.

28.    After handling a punishing work load and never receiving a promotion, Lu asked Magnus to reassign her to another sector. Magnus denied the request for reassignment and responded that the subprime sector was in crisis and that Tom Nieliwoki ("Nieliwoki"), another Vice President who was less senior than Lu, did not have the ability to handle the crisis.

29.    Despite the fact that Magnus considered Nieliwoki, a male, less qualified than Lu, Nieliwoki received higher compensation than Lu, a female. Upon information and

5

belief, other male Vice Presidents also received higher compensation than Lu, even though they were less qualified than she was.

30.   On at least one occasion, Lu complained to Magnus about the fact that he appeared to favor Nieliwoki. Magnus and Nieliwoki frequently talked about sports. Upon information and belief, Magnus and Nieliwoki sometimes left work early on Fridays to play golf.

31.   Despite her obvious qualifications, her hard work and her dedication to the GSFI Dept., Lu never received the promotion Magnus promised her. Instead, Magnus terminated Lu on January 3, 2008, the day before she was supposed to receive her 2007 bonus.

32.   The purported reason for the termination was a general work force reduction. That reason was pretextual. Immediately following the termination of Lu, Magnus promoted Nieliwoki, a male, to the position of Director in the GSFI Dept. and paid Nieliwoki his bonus. The decision to promote Nieliwoki and pay him his bonus revealed a discriminatory motivation in firing Lu because Nieliwoki was less senior than Lu and Magnus had told Lu that Nieliwoki lacked the ability to handle the subprime mortgage crisis.

33.   During the entire time Lu worked for Merrill Lynch, no female was ever promoted from Vice President to Director or from Director to Managing Director in the GSFI Dept.

34.   In 2006, two male Vice Presidents with equal seniority to that of Lu were promoted to the position of Director in the GSFI Dept. At least one of the males who was promoted was less qualified than Lu.

6

35.   The first round of the work force reductions in 2008 included a disproportionate number of high-level females.  In addition to Lu, the only two female Directors and several female Vice Presidents in the GSFI Dept. were laid off.

### FIRST CAUSE OF ACTION
### Violation of Title VII of the Civil Rights Act

36.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" of this Complaint as though fully set forth herein.

37.   Title VII of the Civil Rights Act makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex or to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee on the basis of gender.

38.   Merrill Lynch implemented and maintained discriminatory employment policies and practices that disadvantaged Lu, a woman, including but not limited to failing to promote Lu, and instead promoting less experienced and less qualified males and providing lower compensation to Lu while providing higher compensation to less experienced and less qualified males, including but not limited to the payment of bonuses.

39.   Despite her obvious qualifications, Lu never received the promotion to Director as Magnus had promised when he first requested that Lu transfer to the GFSI Dept. Instead, Magnus terminated Lu and immediately promoted Nieliwoki, a less qualified male to the position of Director in the GFSI Dept.  Additionally, two males holding the position of Vice

7

President with the same seniority as Lu were promoted to Director in 2006, despite the fact that at least one of them was less qualified than Lu.

40.     Merrill Lynch discriminated against Lu based on her gender in violation of Title VII of the Civil Rights Act.

41.     Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

**SECOND CAUSE OF ACTION**
**Wage Discrimination in Violation of the Equal Pay Act of 1963**

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" of this Complaint as though fully set forth herein.

43.     The Equal Pay Act of 1963 makes it unlawful for an employer to pay lower wages or fringe benefits to employees of one sex than it does to similarly situated employees of the opposite sex.

44.     Although Lu was more senior, better qualified and harder working than her male co-workers, Lu was paid a lower salary and bonus than male employees in substantially equal and less equal jobs, even though Lu performed duties requiring the same or greater skill, effort and responsibility as the male employees.

45.     The differential in pay between Lu and the male employees was not the result of seniority, merit, quantity or quality of production, but was due to gender.

46.     Merrill Lynch intentionally paid Lu less than it paid male employees who were performing substantially equal or less than equal work.

47.     By its conduct as alleged herein, Merrill Lynch discriminated against Lu based on her gender with respect to her wages in violation of the Equal Pay Act of 1963.

48.     Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

## THIRD CAUSE OF ACTION
### Sexual Discrimination in Violation of New York State Human Rights Law

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" of this Complaint as though fully set forth herein.

50.     The New York State Human Rights Law makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex. The same legal standards that apply to Title VII claims apply to claims brought under the New York State Human Rights Law.

51.     Merrill Lynch is authorized to do business in New York State and its principal place of business is located there. Further, New York State is the headquarters from which the officers of Merrill Lynch direct, control, and coordinate all activities without regard to locale, in furtherance of the corporate objective.

52.     Merrill Lynch subjected Lu to gender discrimination in violation of the New York State Human Rights Law. Merrill Lynch effectuated a discriminatory compensation

policy that resulted in lower compensation for Lu, a female, on account of her gender. In terminating Lu the day before she was to receive her bonus for 2007, Merrill Lynch discriminated against her based on her gender. The day after Lu was terminated, Nieliwoki, a less senior, less qualified male was immediately promoted and received his bonus.

53.    Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

## FOURTH CAUSE OF ACTION
### Sexual Discrimination in Violation of the New York City Human Rights Law

54.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" of this Complaint as though fully set forth herein.

55.    The Administrative Code of the City of New York, Section 8-107 et. seq. (the "New York City Human Rights Law") makes it unlawful to discriminate against any individual in terms, conditions, or privileges of employment on the basis of gender.

56.    By the conduct alleged herein, Merrill Lynch subjected Lu to gender discrimination in violation of the New York City Human Rights Law.

57.    Contemporaneously with the filing of this Complaint, Lu has mailed a copy of the complaint, along with a letter of explanation, to the New York City Commission of Human Rights, thereby satisfying the notice requirements of Section 8-502 of the New York City Administrative Code.

58.   Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

### FIFTH CAUSE OF ACTION
### Sex and Pregnancy Discrimination in Violation of Title VII

59.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "58" of this Complaint as though fully set forth herein.

60.   At all relevant times, Lu was an "employee" of Merrill Lynch under Title VII, 42 U.S.C. § 2000 (e)(f).

61.   Merrill Lynch is an "employer" under Title VII, 42 U.S.C. § 2000 (e)(b).

62.   By its actions detailed above, Merrill Lynch has unlawfully discriminated against Lu on the basis of her sex, pregnancy and childbirth in violation of Title VII, 42 U.S.C. § 2000e-2(a).

63.   The conduct of Merrill Lynch toward Lu constituted willful discrimination because of Lu's sex, pregnancy and childbirth.

64.   Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

11

## SIXTH CAUSE OF ACTION
### Sex and Pregnancy Discrimination Under New York State Human Rights Law

65.     Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs "1" through "64" of this Complaint as though fully set forth herein.

66.     At all relevant times, Lu was an "employee" for the purposes of § 296 of

the New York State Human Rights Law.

67.     Merrill Lynch is an "employer" for purposes of § 292 of the New York

State Human Rights Law.

68.     By the actions detailed above, Merrill Lynch has unlawfully discriminated

against Lu on the basis of her sex, pregnancy and childbirth in violation of the New York State

Human Rights Law.

69.     Upon information and belief, the conduct of Merrill Lynch towards Lu

constitutes willful discrimination.

70.     As a result of the unlawful conduct of Merrill Lynch, Lu has suffered

substantial damages, including emotional pain and mental anguish, in an amount as yet

undetermined.

71.     Accordingly, Lu is entitled to a judgment for back pay and benefits and

front pay and benefits in an amount as yet been determined, her restricted stock units,

compensatory damages and punitive damages to the maximum extent allowable by law and

attorney's fees, interest and costs.

12

## SEVENTH CAUSE OF ACTION
### Sex and Pregnancy Discrimination under New York City Human Rights Law

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" of this Complaint as though fully set forth herein.

73.     Plaintiff is a "person" under § 8-102 (1) of the New York City Human Rights Law.

74.     Defendant is an "employer" subject to the provisions of the New York City Human Rights Law § 8-102 (5) of the Administrative Code.

75.     By the actions detailed above, Merrill Lynch has unlawfully discriminated against Lu on the basis of her sex, pregnancy and childbirth, in violation of the New York City Human Rights Law.

76.     As a result of the discrimination described above, Lu has suffered substantial damages, including emotional distress and mental anguish, in an amount as yet undetermined.

77.     Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

## EIGHTH CAUSE OF ACTION
### Retaliation Under Title VII

78.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "77" of this Complaint as though fully set forth herein.

13

79.     By the acts and practices described above, Merrill Lynch retaliated against Lu for her opposition to unlawful employment practices in violation of Title VII.  In particular, Magnus retaliated against Lu for her pregnancy and for taking her maternity leave by giving her a poor performance review and eventually terminating her.

80.     Lu is now suffering and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of Merrill Lynch's retaliatory acts.

81.     Merrill Lynch acted intentionally and with malice and/or reckless indifference to Lu's federally protected rights.

82.     Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

## NINTH CAUSE OF ACTION
### Retaliation Under the New York State Human Rights Law

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" of this Complaint as though fully set forth herein.

84.     By the acts and practices described above, Merrill Lynch retaliated against Lu for her opposition to unlawful employment practices in violation of the Executive Law.  In particular, Magnus retaliated against Lu, for her pregnancy and for taking her maternity leave by giving her a poor performance review and eventually terminating her.

85.    Merrill Lynch is liable under the New York State Human Rights Law as Lu's "employer".

86.    Lu is now suffering and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of defendant's retaliatory acts.

87.    Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

## TENTH CAUSE OF ACTION
### Retaliation Under the New York City Human Rights Law

88.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "87" of this Complaint as though fully set forth herein.

89.    By the acts and practices described above, Merrill Lynch retaliated against Lu for her opposition to unlawful employment practices in violation of the New York City Human Rights Law.  In particular, Magnus retaliated against Lu for her pregnancy and for taking her maternity leave by giving her a poor performance review and eventually terminating her.

90.    Merrill Lynch is liable under the New York City Human Rights Law as Lu's "employer".

91.    Lu is now suffering and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of defendant's retaliatory acts.

92.     Merrill Lynch acted intentionally and with malice and/or reckless indifference to Lu's protected rights.

93.     Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

**ELEVENTH CAUSE OF ACTION**
**Quantum Meruit**

94.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "93" of this Complaint as though fully set forth herein.

95.     Lu performed and provided her services to Merrill Lynch at the express request of Merrill Lynch for the entire 2007 calendar year.

96.     Merrill Lynch accepted Lu's services for the 2007 calendar year.

97.     The fair and reasonable value of her services include Lu's salary and bonus compensation for the 2007 calendar year.

98.     Merrill Lynch terminated Lu the day before Lu was to receive her bonus for the 2007 calendar year.

99.     Merrill Lynch denied Lu a substantial portion of her expected compensation.

100.    Demand for payment has been made by Lu, no part of which has been paid.

101.    Accordingly, Lu is entitled to a judgment for the bonus she would have received for the 2007 calendar year.

**TWELFTH CAUSE OF ACTION**
**Disparate Impact in Violation of Title VII and New York State Human Rights Law**

102.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "101" of this Complaint as though fully set forth herein.

103.    By their course of conduct, Merrill Lynch engaged in subjective decision making in the layoff process which caused the layoffs to disproportionately and adversely impact women.

104.    The adverse impact of the layoffs on women reflected the discriminatory policy of Merrill Lynch, and in particular of the GSFI Dept., of failing to promote women to senior level positions and of paying women less than men of equal or lesser status or ability.

105.    Lu is now suffering, and will continue to suffer irreparable injury and as a result of defendants' subjective decision making in the layoff process.

106.    Accordingly, Lu is entitled to a judgment for back pay and benefits and front pay and benefits in an amount as yet been determined, her restricted stock units, compensatory damages and punitive damages to the maximum extent allowable by law and attorney's fees, interest and costs.

WHEREFORE, plaintiff demands judgment on the Complaint as follows:

a.)    On the First Cause of Action, back pay and benefits and front pay and benefits in an amount as yet undetermined, her restricted stock units, plus compensatory damages

and punitive damages to the maximum extent allowable by law, attorney's fees, interest and costs;

        b.)     On the Second Cause of Action, back pay and benefits and front pay and benefits in an amount as yet undetermined, her restricted stock units, plus compensatory damages and punitive damages to the maximum extent allowable by law, attorney's fees, interest and costs;

        c.)     On the Third Cause of Action, back pay and benefits and front pay and benefits in an amount as yet undetermined, her restricted stock units, plus compensatory damages and punitive damages to the maximum extent allowable by law, attorney's fees, interest and costs;

        d.)     On the Fourth Cause of Action, back pay and benefits and front pay and benefits in an amount as yet undetermined, her restricted stock units, plus compensatory damages and punitive damages to the maximum extent allowable by law, attorney's fees, interest and costs;

        e.)     On the Fifth Cause of Action, back pay and benefits and front pay and benefits in an amount as yet undetermined, her restricted stock units, plus compensatory damages and punitive damages to the maximum extent allowable by law, attorney's fees, interest and costs;

        f.)     On the Sixth Cause of Action, back pay and benefits and front pay and benefits in an amount as yet undetermined, her restricted stock units, plus compensatory damages and punitive damages to the maximum extent allowable by law, attorney's fees, interest and costs;

g.)     On the Seventh Cause of Action, back pay and benefits and front pay and benefits in an amount as yet undetermined, her restricted stock units, plus compensatory damages and punitive damages to the maximum extent allowable by law, attorney's fees, interest and costs;

h.)     On the Eighth Cause of Action, directing Merrill Lynch to place Lu in the position she would have occupied but for Merrill Lynch's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Merrill Lynch's discriminatory treatment, including, but not limited to, wages, bonuses, pension, LTI compensation, and other lost benefits.

i.)     On the Ninth Cause of Action, directing Merrill Lynch to place Lu in the position she would have occupied but for Merrill Lynch's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Merrill Lynch's discriminatory treatment, including, but not limited to, wages, bonuses, pension, LTI compensation, and other lost benefits.

j.)     On the Tenth Cause of Action, directing Merrill Lynch to place Lu in the position she would have occupied but for Merrill Lynch's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Merrill Lynch's discriminatory treatment, including, but not limited to, wages, bonuses, pension, LTI compensation, and other lost benefits.

k.)     On the Eleventh Cause of Action, directing Merrill Lynch to place Lu in the position she would have occupied but for Merrill Lynch's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Merrill

Lynch's discriminatory treatment, including, but not limited to her bonus for 2007.

l.)     On the Twelfth Cause of Action, directing Merrill Lynch to place Lu in the position she would have occupied but for Merrill Lynch's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Merrill Lynch's discriminatory treatment, including, but not limited to, wages, bonuses, pension, LTI compensation, and other lost benefits.

m.)     In the alternative, Lu asks for a Judgment for reinstatement in the employ of Defendants in the same position (or Director) as Plaintiff previously held with the same benefits and promotion opportunities as those held by male employees similarly situated; and

n.)     Such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 31, 2009

                              GOETZ FITZPATRICK LLP
                              Attorneys for Plaintiff, Rachel Lu


                              By:_____
                                    Ellen August
                              One Pennsylvania Plaza
                              New York, New York 10119-0196
                              (212) 695-8100

**Exhibit A**

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Rachel Lu<br>435 Albany Court<br>West New York, NJ 07093 | From:  New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2008-04312 | Hazel C. Stewart,<br>Supervisory Investigator | (212) 336-3776 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Spencer Lewis Jr.*       *June 15, 2009*

Spencer H. Lewis, Jr.,
**Director**

*(Date Mailed)*

Enclosures(s)

cc:  Robyn Radulescu, Esq.
MERRILL LYNCH
Office of General Counsel
222 Broadway
16th Floor
New York, NY 10038

Rosalie Valentino, Esq.
Goetz Fitpzpatrick, LLP
One Penn Plaza
New Cork, NY 10038

Enclosure with EEOC
Form 161-B (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RACHEL LU,

                Plaintiff,

                Civil Action No.

      -against-

MERRILL LYNCH CO., INC. and
BANK OF AMERICA CORPORATION,

                Defendants.

-------------------------------------------------------------------X

---

## SUMMONS AND COMPLAINT

---

Signature (Rule 130-1.1-a)

Ellen August

**GOETZ FITZPATRICK LLP**
Attorneys for Plaintiff
Office and Post Office Address, Telephone
One Pennsylvania Plaza, Suite 4401
New York, New York 10119
(212) 695-8100